DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), filed March 11, 2009, requesting that Plaintiff's Complaint be dismissed. Defendant's motion was discussed at a telephone case management conference on April 8, 2009. Plaintiff's representative, Louis F. Mahar II, agreed to submit Plaintiff's written response to Defendant's motion no later than May 8, 2009. As of this date, Plaintiff has not filed its written response.
Defendant's motion concludes that the court lacks subject matter jurisdiction for Plaintiff's appeal of the real market value of property identified as Accounts 10985694, 10985690, 10985711, 10985689, 10985684, 10985686, 10985712, 10985714, 10985715, 10985674, 10985678, 10985693 and 10985695 for tax year 2008-09. For tax year 2008-09, the parties agree that Plaintiff failed to file a timely appeal with the board of property tax appeals (BOPTA). Further, the parties agree that the court's jurisdiction, if any, to hear Plaintiff's appeal is found in ORS305.288(3)[1] which provides:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal." *Page 2 
The parties agree that Plaintiff has no statutory right of appeal remaining. The parties disagree that Plaintiff had "good and sufficient cause" for failing "to pursue the statutory right of appeal." Id.The term "good and sufficient cause" is defined in ORS 305.288(5)(b) as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b)(A) sets forth a two part test. First, good and sufficient cause is "an extraordinary circumstance that is beyond the control of the taxpayer." Id. Second, the statute requires a causal connection between the event that was beyond a taxpayer's control and the failure "to pursue the statutory right of appeal." Id.
Plaintiff did not respond to Defendant's motion. Plaintiff failed to demonstrate good and sufficient cause for failing to pursue its statutory right of appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 2, 2009. The Court filed and entered this document on June 2,2009.
[1] All references to the Oregon Revised Statutes (ORS) are to year 2007. *Page 1